*E-filed 11/27/07*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IQBAL HUSAIN,

    Plaintiff / Counter-Defendant,

v.

AMJAD KHAN,

    Defendant / Counter-Complainant,

Case No. C06-07081 JF (HRL)

**ORDER ON PLAINTIFF'S MOTION FOR RULE 37 SANCTIONS**

Re: Docket No. 39

In this breach of contract case, Plaintiff here seeks sanctions for Defendant's failure to mediate and for his allegedly deficient initial disclosures. The motion is unopposed and was referred by the presiding judge. *See* Docket No. 46.

**A. Defendant's Attendance at Mediation**

Husain alleges that Khan failed to attend a court ordered mediation session. At the Case Management Conference before Judge Fogel, the parties were ordered to attend private mediation before July 13, 2007.[1] Sometime thereafter, the parties agreed to postpone this date and to mediate in August. After that stipulation and order was entered, Khan informed Husain that he would only attend the mediation by telephone from Bangladesh. Plaintiff understandably declined this offer and cancelled the mediation session. Since there were no

---

[1] The parties previously stipulated to private mediation. *See* Docket No. 17.

costs associated with this cancellation, Husain seeks sanctions for attorney time spent dealing with the delayed scheduling.

**B.  Defendant's Initial Disclosures**

Although Khan served an initial disclosure document, Husain continues to press for sanctions because that initial disclosure did not include a document production.[2]  Plaintiff relies on FED. R. CIV. P. 26(a) in support of his argument; however, that rule does not require initial disclosure document production.   Rather, it states that

> a party must, without awaiting a discovery request, provide to other parties ... a copy of, ***or** a description by category and location of*, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

FED. R. CIV. P. 26(a)(1)(B) (emphasis added).  The commentary to the rule confirms this point: "subparagraph (B) does not require production of any documents ... If, as will be more typical, only the description is provided, the other parties are expected to obtain the documents desired by proceeding under Rule 34 or informal requests."  Adv. Comm. Notes. (1993).  Thus, Khan was not required to produce any documents in his initial disclosures.

At the hearing, Husain claimed for the first time that Khan's initial disclosure, as produced, did not adequately describe the documents.  This is not so.  While Khan's initial disclosure is somewhat sketchy, it nevertheless meets the minimum requirements for a description by category and location.  Furthermore, Husain's own Rule 26 description of categories and locations of documents, served just before Khan's, is nearly identical to Khan's!

### CONCLUSION

Husain urges dismissal of Khan's counterclaims and defenses, $5,510.00 in attorney's fees for time spent trying to schedule the mediation and for preparing the instant motion, and /

---

[2] Husain did not serve a request for production of documents.

2

1  or for various evidentiary preclusion sanctions.  In fact, no sanctions are warranted.
2  Accordingly, Husain's motion for sanctions is DENIED.
3      However, it does appear that Khan has dragged his feet on mediating.  Therefore, the
4  parties, including Khan, are ordered to personally attend a private mediation session no later
5  than January 15, 2008 (or, if the mediator is not available by then, at his soonest available date
6  thereafter).  The parties shall meet and confer immediately to schedule the mediation.

8  **IT IS SO ORDERED.**

10 Dated: 11/27/07



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:06-cv-7081 Notice has been electronically mailed to:**

Richard Proctor Doyle , Jr rdoyle@jd-law.com, rbeverly@jd-law.com

David Stanley Pearson attorney@mac.com

Eric J Sidebotham eric.sidebotham@ejs-law.com, dan.shafer@ejs-law.com, ryan.smith@ejs-law.com

**5:06-cv-7081 Notice has been delivered by other means to:**

Larry Israel
Larry Israel & Associates
4454 Deer Ridge Rd
Blackhawk, CA 94506-6017

Amjad Khan
3301 Rose Lane
Falls Church, VA 22042

\* Counsel are responsible for providing copies of this order to co-counsel.

Dated: 11/27/07

/s/  KRO

Chambers of Magistrate Judge Howard R. Lloyd