1  ERIC J. SIDEBOTHAM (208829)                      *E-filed 5/5/08*
   DANIEL M. SHAFER (244839)
2  **ERIC J. SIDEBOTHAM, APC**
   TechMart Center
3  5201 Great America Parkway, Suite 320
   Santa Clara, CA  95054
4  Telephone:   (408) 856-6000
   Facsimile:   (408) 608-6001
5
   Attorneys for Defendant,
6  AMJAD KHAN

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10                                SAN JOSE DIVISION

11

12 IQBAL HUSAIN,                              Case No. 5:06 CV 07081-JF (HRL)

13         Plaintiff,

14 v.                                         **STIPULATED PROTECTIVE ORDER**

15                                            **(AS MODIFIED BY THE COURT)**

16 AMJAD KHAN and DOES 1 through 10,
   inclusive,
17
           Defendants.
18

19
   AND RELATED CROSS-ACTION
20

21



STIPULATED PROTECTIVE ORDER
CASE NO. 5:06 CV 07081- JF (HRL)

Plaintiff Iqbal Husain ("Plaintiff") and Defendant Amjad Khan ("Defendant"), by and through their respective counsel of record and subject to the approval of this Court, hereby agree and stipulate to the entry of this Protective Order to protect against the deliberate or inadvertent publication, use, misuse or disclosure of Plaintiff's or Defendant's confidential business information, personal financial information, business strategies, business plans, confidential communications, and other sensitive business, financial and personal information and documents provided through pretrial discovery in the above case.  The parties respectfully request that the Court enter the following proposed Protective Order based on the following stipulated terms:

1. "Party" or "Parties" shall mean and refer to any party to the above-entitled action, including all Plaintiffs and Defendants in the above-entitled action.  "Non-Party" shall mean any person or entity that is not a party in the above-entitled action.

2. "Confidential Information" as used in this Protective Order means any document, answer to interrogatory, response to request for admission, deposition testimony, or other disclosure of information, which is legitimately considered confidential business, commercial, financial or personal information, by the Party or Non-Party disclosing it and appropriately designated as such under the terms of this Protective Order.  "Confidential Information" shall not include, or shall cease to include, any information if, and to the extent that, such information: (a) is or becomes generally available to the public other than as a result of a disclosure by the Party receiving the alleged Confidential Information or its employees, officers, agents or attorneys; (b) was available to the Party receiving the alleged Confidential Information or its employees, officers, agents or attorneys on a non-confidential basis prior to its disclosure in this case; or (c) becomes available to the Party receiving the alleged Confidential Information or its employees, officers, agents or attorneys on a non-confidential basis from a source other than the Party or Non-Party disclosing the alleged Confidential Information in this case, provided such source is not bound by a confidentiality agreement with any party, or is otherwise not prohibited from transmitting the information to the Party receiving the alleged Confidential Information, by a

1  contractual, legal or fiduciary obligation of which the Party receiving the alleged Confidential
2  Information had prior knowledge or ought reasonably to have been aware.
3      3.    Materials containing Confidential Information shall be produced or shown only to the
4  following persons:
5      a. Outside counsel retained by each Party for purposes of this litigation and supporting
6  personnel (e.g., paralegal, secretarial, stenographic and clerical personnel) assisting such counsel in
7  connection with this litigation and whose functions require that they have access to the Confidential
8  Information;
9      b. Any outside expert (independent of the Parties), and employees and personnel
10 (independent of the Parties) assisting the expert, engaged by counsel to testify in this litigation or for
11 pretrial consultation and case preparation;
12     c. Any interpreter, or court or other shorthand reporter or typist translating, recording or
13 transcribing testimony;
14     d. Any person who authored or received the particular Confidential Information sought to
15 be disclosed to that person outside of the context of this litigation;
16     e. Any outside copying, litigation support services, and document processing firm
17 (independent of the Parties) retained by each counsel to assist such counsel in connection with this
18 litigation;
19     f. Any employee of the above entitled Court or the District Court, including all judges, all
20 employees working directly for said judges, the Clerk of the Court, and all employees working in the
21 Clerk's Office;
22     g. Any outside arbitrator, mediator, or settlement judge assigned to this case, either by order
23 of the Court or pursuant to the parties' agreement, including all necessary employees working for the
24 arbitrator, mediator or settlement judge;
25     h. The individual Parties to this proceeding; and
26     i. The Presidents of the corporate Parties to this proceeding.
27
28

2



STIPULATED PROTECTIVE ORDER
CASE NO. 5:06 CV 07081- JF (HRL)

1    4.   Confidential Information shall not be disclosed to persons described in paragraph 3(b) unless and until such person has executed a declaration in the form attached as Exhibit A, and the Parties have fully complied with the provisions of the following paragraph.

   5.   If any counsel of record desires to give, show, make available or communicate to any person, apart from those permitted under paragraph 3, any information designated as "Confidential Information," said counsel shall first obtain the written consent of the designating Party or Non-Party through its counsel.  Each person to whom the Confidential Information is to be given, shown, made available or communicated must execute a written confidential agreement, in the form attached hereto as Exhibit A.  Only after all of the foregoing conditions have been fully satisfied may the Confidential Information be given, shown, made available or communicated to any person other than those permitted under paragraph 3.

   6.   The Persons identified in paragraph 3 above shall hold the Confidential Information in confidence and shall not disclose it to any person not authorized to receive or review it under this Protective Order.  The Persons identified in paragraph 3 also shall not make any use of such Confidential Information except for purposes of this lawsuit.

   7.   Nothing contained in this Protective Order shall preclude a Party or Non-Party from using or disseminating its own Confidential Information.

   8.   Nothing contained in this Protective Order shall affect the right of a Party or Non-Party to disclose any information designated as Confidential Information to the author(s) or addressee(s) of the Confidential Information.

   9.   Nothing contained in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this action, and, in the course thereof, from generally referring to or relying upon his or her examination of documents produced or information disclosed, including documents and information constituting Confidential Information.  In rendering such advice or communicating with the client, the attorney shall not disclose the specific content of any information, document, or thing designated as Confidential Information under this Protective Order.

3


STIPULATED PROTECTIVE ORDER
CASE NO. 5:06 CV 07081- JF (HRL)

1       10.     Unless otherwise ordered by this Court, or agreed to in writing by counsel for the parties, Confidential Material shall be used only in connection with this case, and shall not be used for any other purpose whatsoever.

4       11.     Each document, or portion thereon, containing Confidential Material shall be marked with the word "CONFIDENTIAL," or a substantially similar legend, on the first page or on every page thereof at the time that it is provided or produced in discovery.  A designation of Confidential Information as to any thing of which inspection or sampling has been requested shall be marked with the word "CONFIDENTIAL," or a substantially similar legend on the thing or container within which it is stored, or by some other means of designation agreed upon by the Parties.  All documents and things shall be marked prior to the provision of a physical copy thereof to counsel for the other Parties. Alternatively, documents may be made available for an initial inspection by counsel for the requesting or receiving Party prior to the furnishing Party producing copies of selected items.  In such cases, documents shall be inspected only by counsel for the requesting or receiving Party permitted access to Confidential Information pursuant to this Protective Order.  Such initial inspection shall not constitute a waiver of confidentiality with respect to any document so inspected.

16      12.     The initial failure to designate information as Confidential Information in accordance with this Protective Order shall not preclude any Party or Non-Party ~~within 60 days, from so~~ **from timely correcting the failure by** designating the documents and ~~to require~~ **by requiring** such documents to be treated in accordance with such designation from that time forward.  If Confidential Information has previously been disclosed to persons not qualified to review or receive Confidential Information under paragraph 3, then the disclosing Party or Non-Party shall make reasonable efforts to obtain copies of such Confidential Information from those persons and advise such persons of the claim of confidentiality.  The Party responsible for making the disclosure of the newly-designated Confidential Information to persons not authorized to have access to such information under paragraph 3 shall also take reasonable steps to have such persons execute written confidentiality agreements in the form attached as Exhibit A.

4

STIPULATED PROTECTIVE ORDER
CASE NO. 5:06 CV 07081- JF (HRL)



1       13.    Counsel receiving Confidential Information that is provided pursuant to this Protective

2 Order shall maintain such Confidential Information in a secure and safe area, and shall exercise due and

3 proper care with respect to the storage, custody, and use of all designated information, so as to prevent

4 the unauthorized or inadvertent disclosure of any Confidential Information.

5       14.    Testimony taken at a deposition, conference, hearing or trial may be designated as

6 confidential by timely informing any court reporter or transcriber about this Protective Order, and asking

7 such court reporter or transcriber to take appropriate steps to preserve confidentiality.  Additionally, a

8 party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of

9 the deposition transcript for which the designation is proposed, that specific pages of the transcript

10 and/or specific responses be treated as "Confidential" information.  Particularized deposition, hearing or

11 trial testimony and exhibits that contain or derive from the use of Confidential Material shall be marked

12 "Confidential" or with a substantially similar legend.

13       15.    If Confidential Information is to be given or shown to a deponent who is not qualified

14 under this Protective Order or has not already signed a confidentiality agreement, then the deponent

15 shall first be required to sign a confidentiality agreement in the form attached as Exhibit A.  Unless

16 otherwise ordered by this Court, the designating Party shall have the right to have all persons, except the

17 deponent and his or her counsel, the individual Parties, the Presidents of the corporate parties, outside

18 counsel of record for the individual and corporate Parties, the court reporter, and such other persons as

19 are permitted under the terms of this Protective Order to have access to Confidential Information,

20 excluded from a deposition during the taking therein of the testimony designated as Confidential

21 Information pursuant to this Protective Order.

22       16.    If a Party desires to file Confidential Information with the Court, the Party shall ~~place the~~ **do so**

23 ~~Confidential Information in a sealed envelope, label the envelope "CONFIDENTIAL INFORMATION~~ **in compliance with Civil Local Rule 79-5.**

24 ~~PURSUANT TO PROTECTIVE ORDER ENTERED BY THE COURT ON [INSERT DATE]," and~~

25 ~~file the Confidential Information under seal until further order of this Court~~.

26

27

28

5

STIPULATED PROTECTIVE ORDER
CASE NO. 5:06 CV 07081- JF (HRL)

1       17.    If the Party ~~filing the~~ **seeking to file** Confidential Information desires to describe the contents

2 of Confidential Information in its memoranda, declarations or other papers, it shall file such

3 memoranda, declarations or other papers, or the portions thereof containing references to the

4 Confidential Information, **in compliance with Civil Local Rule 79-5.** ~~separately in sealed envelopes, label the envelopes~~

5 ~~"CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER ENTERED~~

6 ~~BY THE COURT ON [INSERT DATE]," and file the Confidential Information under seal~~

7 ~~until further order of this Court.~~

8       18.    Should Confidential Information be disclosed, through inadvertence or otherwise, to any

9 person not authorized under this Protective Order, the disclosing Party shall use its best efforts to bind

10 such person to the terms of this Protective Order.  The disclosing Party shall also: (a) promptly inform

11 such person of all of the provisions of this Protective Order by providing the person with a copy of the

12 order; (b) identify such person immediately to all counsel of record; and (c) request that the person

13 execute the confidentiality agreement in the form attached as Exhibit A.  Copies of the executed

14 agreement shall promptly be served upon the Party or Non-Party designating the information as

15 Confidential Information, as well as all counsel of record in this case.  The disclosing party shall make

16 reasonable efforts to collect all copies of the Confidential Information improperly disclosed unless the

17 person to whom the Confidential Information was disclosed immediately executes the confidentiality

18 agreement.

19       19.    In the event that any Confidential Material is used in any court proceeding in this action,

20 it shall not lose its confidential status through such use, and the party using such shall take all reasonable

21 steps to maintain its confidentiality during such use.

22       20.    This Protective Order shall not foreclose any Party from moving this Court for an order

23 that the documents and things designated as Confidential Information are, in fact, not confidential,

24 provided that the Parties have made a good faith effort to resolve their dispute about confidentiality.  If

25 any Party believes that a Confidential Information designation is unwarranted, that Party must inform

26 the designating Party or Non-Party in writing.  Upon receipt of this written notice, the Parties shall

27

28

1  negotiate in good faith to resolve their differences.  If the Parties are unable to resolve their differences
2  informally, the Party challenging the designation shall have the right to bring the dispute before the
3  Court for resolution.  At the hearing on the dispute, the Party who made the Confidential Information
4  designation shall have the burden of showing why the designation is appropriate.  In no event, however,
5  shall the Confidential Information be disclosed in violation of the terms of this Protective Order without
6  a prior order of the Court allowing such disclosure.

7  21.     This Protective Order is entered solely for the purpose of facilitating the exchange
8  of documents and information between the parties to this action without involving the Court
9  unnecessarily in the process.  The use of any Confidential Material in this action shall not constitute a
10 waiver of confidentiality or non-confidentiality of any such document or information.   No Party shall
11 be obligated to challenge the propriety of any designation of Confidential Information by another Party
12 or Non-Party, and the failure to do so shall not constitute a waiver or otherwise preclude a subsequent
13 challenge to the designation.

14 22.     The Protective Order shall be without prejudice to the right of any party to challenge the
15 propriety of discovery on other grounds, and nothing contained herein shall be construed as a waiver of
16 any objection which might be raised as the admissibility at trial of any evidentiary material, all of which
17 grounds are specifically reserved.

18 23.     The Parties and their counsel shall not indiscriminately or unreasonably stamp or
19 maintain documents and things as Confidential Information, and in no event will publicly available
20 documents be deemed Confidential Information, except if accompanied by a specific explanation
21 supporting the designation of the publicly available document or documents as Confidential Information
22 under this Protective Order. ∧ **The designating party shall make a good faith determination that the materials qualify for protection under FRCP 26 (c).**

23 24.     Within sixty (60) days after the final termination of this litigation, including the
24 termination of all appellate proceedings, counsel for each of the Parties shall return to the person or
25 entity producing it, or certify in writing the destruction of, all Confidential Information in its possession,
26 except outside counsel for the Parties may keep one set of their respective work product, including
27
28

7

STIPULATED PROTECTIVE ORDER
CASE NO. 5:06 CV 07081- JF (HRL)

1  pleadings, motion papers, transcripts, exhibits, memoranda, and correspondence, and the like. The
2  Confidential Information so retained shall not be disclosed or used for any purpose, except for disclosure
3  required by Court order, in which case the attorney required to disclose such information shall promptly
4  provide the designating Party or Non-Party with written notice of the demand for disclosure and refrain
5  from disclosing such information for a period of no less than ten (10) days from issuance of such Court
6  order to enable the designating Party or Non-Party to seek relief from the Court issuing the order.

7      25.    Absent written modification hereof by the Parties hereto or further order of the Court, the
8  provisions of this Protective Order that restrict the disclosure and use of Confidential Information shall
9  survive the final disposition of this action, and shall continue to bind all persons subject to the terms of
10 the Protective Order for a period of two (2) years after the final termination of this action. **However, this**
11 **court shall retain jurisdiction over the enforcement of this Protective Order for a period of only 6 months following final termination.**

IT IS SO STIPULATED.

ERIC J. SIDEBOTHAM, APC

DATED: April 17, 2008

_____
ERIC J. SIDEBOTHAM
Attorney for the Defendant,
AMJAD KHAN


JANSSEN DOYLE, LLP

DATED: April 17, 2008

_____
RICHARD P. DOYLE JR.
Attorney for the Plaintiff,
IQBAL HUSAIN


IT IS SO ORDERED, (AS MODIFIED).

DATED: 5/5/08

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## CERTIFICATE OF COMPLIANCE

**I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Husain v. Khan, et al.*, United States District Court for the Northern District of California, Case No. 5:06 CV 07081- JF (HRL), and hereby agree to comply with and be bound by the terms and conditions of said Protective Order unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Protective Order.**

(1)   Dated: _____

_____



STIPULATED PROTECTIVE ORDER
CASE NO. 5:06 CV 07081- JF (HRL)

9