**E-Filed 1/25/2010**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IQBAL HUSAIN,<br><br>           **Plaintiff,**<br><br>           v.<br><br>AMJAD KHAN,<br><br>           **Defendant.** | Case Number C 06-7081 JF (HRL)<br><br>ORDER[1] DENYING MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS |

      Plaintiff's motion to dismiss Defendant's counterclaims is DENIED. The Court is not persuaded to a legal certainty that Defendant cannot prevail upon any of his claims[2] at trial even if the documents produced on January 15, 2010 are excluded from evidence. As Defendant points out, he will be able to rely upon witness testimony and those documents previously

---

[1] This disposition is not designated for publication in the official reports.

[2] Defendant asserts claims for: fraud, constructive fraud, interference with economic advantage, negligent interference with economic advantage, breach of contract, breach of fiduciary duty of care, breach of fiduciary duty of loyalty, intentional infliction of emotional distress, misappropriation of trade secret, negligence infliction of emotional distress, unjust enrichment-assumpsit, and conversion.

Case No. C 06-7081 JF (HRL)
ORDER DENYING MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS
(JFLC2)

produced in this litigation.[3]

IT IS SO ORDERED.

Dated: 1/25/2010

_____
JEREMY FOGEL
United States District Judge

---

[3] At the pretrial conference on January 22, 2010, the Court indicated that it was inclined to deny Plaintiff's motion to preclude Defendant from relying upon any of the approximately 700 documents that Defendant produced for the first time on January 15, 2010, but that such denial would be conditioned upon the imposition of a monetary sanction against Defendant to compensate Plaintiff for the delay and additional expense caused by the late production. Defendant's counsel declined to stipulate to the imposition of such a sanction, and represented that Defendant was willing to forego use of the late-produced documents. The Court then ruled that the documents would be excluded. However, on Monday, January 25, 2010, Defendant's counsel informed chambers by telephone that Defendant had reconsidered his position and was willing to pay a monetary sanction in order to use the late-produced documents. The Court directed Defendant's counsel to meet and confer with Plaintiff's counsel regarding an appropriate sanction and any necessary adjustment to the trial schedule. Obviously, the motion to dismiss the counterclaims becomes even less compelling in the event that the late-produced documents are not excluded.